UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON M. DAY,                    :
                                 :
      Plaintiff,                 :
                                 :
V.                               :
                                 :    CASE NO. 3:07-CV-388(RNC)
THERESA C. LANTZ, ET AL.,        :
                                 :
      Defendants.[1]             :
                                 :

RULING AND ORDER

        Plaintiff, an inmate in the custody of the Connecticut

Department of Correction ("DOC"), brings this action pursuant to

42 U.S.C. § 1983 claiming that persons responsible for providing

health care services to DOC inmates have failed to provide him

with proper treatment for an inguinal hernia in violation of the

Eighth Amendment.[2]  Defendants have filed a motion for summary

judgment contending, among other things, that they have not been

deliberately indifferent to plaintiff's medical needs.  I agree

and therefore grant the motion.

_____

        [1] Named as defendants in the complaint are Theresa C. Lantz,
Edward Blanchette, Ricardo Ruiz, Scott Stephenson, Dr. Castro,
Patricia Ottolini, Nasirkuau and John Does.  On May 17, 2007, a
videoconference was conducted for the purpose of screening the
pro se complaint in accordance with 28 U.S.C. § 1915A.  The Court
subsequently issued a ruling and order permitting Eighth
Amendment claims to proceed against defendants Castro, Ruiz,
Ottolini and Khan (who was listed in the complaint as
"Nasirkuau").  All other claims were dismissed.  See Day v.
Lantz, 487 F. Supp. 2d 30 (D. Conn. 2007).  Familiarity with the
Court's ruling and order is assumed.

        [2] An inguinal hernia is a protrusion of the abdominal cavity
through the inguinal canal located in the anterior abdominal
wall.

I. <u>Standard of Review</u>

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In opposing summary judgment, plaintiff must not "replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit" but instead must offer "significant probative evidence tending to support the complaint." <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990)(internal quotations omitted).

In evaluating the evidence, the court "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 219 (2d Cir. 2004). When the nonmoving party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments they suggest.  See <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994).  Nonetheless, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. <u>Carey v. Crescenzi</u>, 923 F.2d 18, 21 (2d Cir. 1991).

2

II.   Background

        Plaintiff has been in DOC custody since 1981.  He has been
diagnosed with paranoid schizophrenia and has difficulty trusting
others, including health care providers.

        In February 2005, plaintiff was transferred to Garner
Correctional Institution, where he came under the care of Dr.
Raymond Castro.  On April 28, 2005, plaintiff saw Dr. Castro.  He
complained of a lump on the left side of his groin and reported
that it had been there for six months.  Dr. Castro found a small
inguinal hernia and noted that it was easily reduced (i.e.
manually put back in place).  Dr. Castro provided the plaintiff
with a truss to keep the hernia in place and advised him to call
if the hernia became nonreducible.

        In January 2006, plaintiff was transferred to Cheshire
Correctional Institution.  On June 21, 2006, he was seen by Dr.
Ricardo Ruiz.  Dr. Ruiz found that the plaintiff had a "large
(grapefruit-sized) nonreducible indirect inguinal hernia" and
noted that the plaintiff was complaining of pain and discomfort.
Dr. Ruiz asked DOC's Utilization Review Committee ("URC") to
approve a surgical consult.  On June 27, this request was
approved by the URC.

        On August 14, 2007, the plaintiff was taken to the
University of Connecticut Health Center ("UCONN") for a surgical
consult.  He was examined by Dr. Nasir Khan.  Dr. Khan found that

                                  3

the plaintiff had an inguinal hernia on the left side and recommended that it be surgically repaired as soon as possible. The URC approved the recommended surgery and directed that it be done at UCONN.

Plaintiff did not like the way Dr. Khan treated him during the surgical consult, particularly Dr. Khan's refusal to provide his name in response to plaintiff's request and his abrupt rejection of plaintiff's request that the surgery be performed under local anesthesia. Plaintiff wants to have the surgery done under local anesthesia to avoid the potential complications of general anesthesia.

Plaintiff subsequently informed Dr. Ruiz that he was uncomfortable with the surgeon he saw at UCONN (i.e. Dr. Khan) because of the way the surgeon treated him. He asked Dr. Ruiz for help in arranging to have the surgery performed at another facility under local anesthesia. Dr. Ruiz refused this request.

On November 30, 2006, plaintiff wrote to Nurse Patricia Ottolini, the Director of Treatment and Addiction Services for the DOC. Plaintiff described the negative experience he had at UCONN and Dr. Ruiz's refusal to help. He stated that he was in constant pain and discomfort due to the hernia and asked to be treated at a facility other than UCONN.

On December 11, 2006, Ottolini responded to the plaintiff in writing. She stated that surgical care was available to him only

through UCONN and that the type of anesthesia he would receive
had to be determined by the surgeon and anesthesiologist.  She
urged the plaintiff to make a "responsible decision."

In March 2007, plaintiff filed this case claiming that Drs.
Castro and Ruiz had failed to timely and adequately treat his
hernia and that Drs. Ruiz and Khan and Director Ottolini were
being deliberately indifferent to his medical needs by failing
and refusing to have the hernia surgically repaired in accordance
with his wishes.

III.  Discussion

Under the Eighth Amendment, prisoners have a right to
receive medical treatment for serious medical needs.  See Estelle
v. Gamble, 429 U.S. 97, 103 (1976).  To prove a denial of medical
care in violation of the Eighth Amendment, a prisoner must prove
that the defendant acted with "deliberate indifference to inmate
health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994);
see also Wilson v. Seiter, 501 U.S. 294, 303 (1991).  An official
acts with deliberate indifference if he "knows of and disregards
an excessive risk to inmate health or safety; the official must
both be aware of facts from which the inference could be drawn
that a substantial risk of serious harm exists, and he must also
draw the inference."  Farmer, 511 U.S. at 837.  This culpable
state of mind is equivalent to criminal recklessness.  Id. at
839-40; see also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir.

2003).  An inmate's disagreement with a treating physician's choice of treatment is insufficient to support a constitutional claim.  <u>See</u> <u>Chance v. Armstrong</u>, 143 F.3d 698, 703 (2d Cir. 1998); <u>Dean v. Coughlin</u>, 804 F.2d 207, 215 (2d Cir. 1986); <u>see also</u> <u>Estelle</u>, 429 U.S. at 105-06.  Judged in light of these well-established principles, plaintiff's claims do not raise a proper issue for trial and the defendants are entitled to judgment as a matter of law.

<u>Dr. Castro</u>

Plaintiff alleges that Dr. Castro exhibited deliberate indifference by prescribing a truss when the plaintiff's hernia was first diagnosed in April 2005 instead of arranging for a surgical repair.  Dr. Castro responds that the hernia was easily reducible and, accordingly, a truss was an appropriate form of treatment.

Courts have recognized that a reducible hernia is not sufficiently serious to satisfy the objective prong of a deliberate indifference claim.  <u>See</u> <u>Nichols v. Pesanti</u>, 2005 WL 356776, at *4 (D. Conn. Feb. 11, 2005); <u>Arroyo v. City of New York</u>, No. 99 Civ. 1458(JSM), 2003 WL 22211500, at *2 (S.D.N.Y. Sept. 25, 2003); <u>Iniquez v. Chief Medical Officer</u>, No. C 02-3294 MMC, 2002 WL 31750217, at *2 (N.D.Cal. Dec. 3, 2002).  Even assuming plaintiff's condition was objectively serious, there is no evidence to support a finding that Dr. Castro, in deciding to

6

rely on a truss to treat the easily reducible hernia, consciously
disregarded an unreasonable risk of serious harm to the
plaintiff's health.

In response to the motion for summary judgment, the
plaintiff has asserted that Dr. Castro gave him the wrong type of
truss.  See Pl.'s Response and Objection (Doc. 39) at 7.
Plaintiff's assertion fails to raise an issue for trial because
it is conclusory in nature and unsupported by competent evidence.
Accordingly, Dr. Castro is entitled to summary judgment.

Dr. Ruiz

Plaintiff claims that his hernia has worsened because of Dr.
Ruiz's deliberate indifference.  It is unclear whether this claim
is based on acts or omissions by Dr. Ruiz before or after the
plaintiff had his surgical consult at UCONN.  Construing the
claim broadly to encompass both time periods, it does not raise a
proper issue for trial.

The record before the Court reflects no complaint by the
plaintiff to Dr. Ruiz (or anyone else) concerning a lump or other
condition associated with his hernia until he was examined by Dr.
Castro in April 2005 and found to have a small hernia that was
easily reducible.  When Dr. Ruiz subsequently examined the
plaintiff in June 2006, the hernia had gotten worse and was no
longer reducible.  A nonreducible hernia is a serious medical
condition.  However, there is no evidence that Dr. Ruiz knew the

plaintiff was suffering from a serious medical condition before the examination in June 2006.  The record establishes that when Dr. Ruiz examined the plaintiff and found that the hernia was no longer reducible, he promptly requested approval of a surgical consult and his request was granted.  Thus, with regard to the period culminating in the referral for a surgical consult, plaintiff cannot prove that Dr. Ruiz was deliberately indifferent to a serious medical need.

With regard to the subsequent period, plaintiff's claim appears to be that Dr. Ruiz has been deliberately indifferent in failing to take steps to persuade DOC to provide the plaintiff with surgery at a facility other than UCONN under local anesthesia.  This claim is unavailing.  Plaintiff has not shown that Dr. Ruiz is personally responsible for deciding where the surgery should be performed or what type of anesthesia should be used.  The record establishes that the surgery is routine in nature and there is no allegation or evidence that the surgeons at UCONN are not capable of performing it.  The issue of which type of anesthesia should be used is not for Dr. Ruiz to decide. Accordingly, Dr. Ruiz is entitled to summary judgment.

C.  Dr. Khan

Plaintiff's claim against Dr. Khan, construed generously, appears to be that Dr. Khan was deliberately indifferent in failing to accommodate plaintiff's request that the surgery be

8

performed by another surgeon at another hospital under local anesthesia.  There is no evidence that Dr. Khan had any role in plaintiff's health care other than providing the surgical consult at UCONN.  Plaintiff cannot show that Dr. Khan was deliberately indifferent in connection with the surgical consult.  Nor is there evidence of any other constitutional violation by Dr. Khan. Accordingly, the claim against him does not raise a proper issue for trial.

D.  Patricia Ottolini

Plaintiff claims that Director Ottolini was deliberately indifferent to his complaints and failed to credit his reasonable refusal to consent to surgery at UCONN.  The record establishes that Ottolini investigated plaintiff's concerns and advised him of her conclusions in a timely manner.  Plaintiff has not shown that her rejection of his request evinces deliberate indifference to a serious risk to his health in violation of the Eighth Amendment.  Thus, plaintiff cannot recover against Ottolini.

III.  Conclusion

Defendants' motion for summary judgment is hereby granted. The Clerk may enter judgment and close the file.

So ordered this 25th day of March 2009.

                        /s/ RNC
                    Robert N. Chatigny
                United States District Judge

9